UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-22304-CIV-MARTINEZ-BROWN

CHESTER A. PEARSON,

    Plaintiff,

vs.

JAMES B. PEAKE,
Secretary of Veterans Affairs,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Motion for Amendment (DE 21), filed July 31, 2009. The court has considered the motion, the response, and all pertinent materials.

## Facts and Discussion

Plaintiff Chester A. Pearson originally filed a Complaint against Defendant Eric K. Shinseki, Secretary of the Department of Veterans Affairs, alleging discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §2000e. Defendant filed its answer on May 26, 2009. Plaintiff now files a Motion for Amendment in order to add a Defamation of Character claim "on the basis that Plaintiff was treated in a disparate manner with respect to constructive discharge."[1]

**I. Standard on Amending a Complaint**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading after a responsive pleading has been filed with the written consent of the opposing party or with the court's leave, which shall be freely given when justice so requires. In recognition of this liberal amendment policy, the Supreme Court stated:

---

[1] Plaintiff also requests to amend the complaint to add "Pain and Suffering (Damages)".

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).[2] While discretion to grant or deny an opportunity to amend lies with the District Court, outright refusal to grant leave without justification is not a proper exercise of discretion within the "spirit of the Federal Rules." Id.

**II. Merits**[3]

Plaintiff seeks to amend the complaint to include a Defamation of Character claim against the Secretary of the Department of Veteran Affairs. Defendant first challenges the proposed amendment asserting that the Federal Tort Claims Act (FTCA) expressly excludes defamation from the category of suits which may be brought against the government. This court agrees.

In general, the FTCA waives the federal government's sovereign immunity and allows private parties to sue the United States for torts committed by government employees acting within the scope of their employment if a private person would be liable under the law of the place where the act or omission occurred. 28 U.S.C.A. §1346(b). However, it is important to the present case that Congress has further restricted the application of the FTCA by providing that the government is not liable for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest,

---

[2]The list of factors in Foman v. Davis is not exclusive, but does "embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

[3]The Court initially notes that Plaintiff has failed to comply with Local Rule 15.1 and Administrative Procedure 3H.(1) of the CM/ECF Administrative Procedures, which require a plaintiff to submit the original of the proposed amended complaint as a PDF attachment to the motion.

malicious prosecution, abuse of process, *libel*, *slander*, misrepresentation, deceit or interference with contract rights...." 28 U.S.C.A. §2680(h). As a result of these exceptions, defamation is excluded from the available causes of action against the United States under the FTCA because principles of sovereign immunity would bar the suit.[4]

In Foman v. Davis, the Supreme Court noted that the futility of an amendment is a proper ground for the court to deny leave to amend. 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Therefore, because a defamation claim asserted against the United States is subject to dismissal under grounds of sovereign immunity, the court is justified in denying Plaintiff's Motion for Amendment. "[J]ustice does not require district courts to waste their time on hopeless cases...." Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

Defendant also challenges Plaintiff's Motion for Amendment by asserting that Plaintiff's defamation claim is pre-empted by Title VII. Because the Court has decided that the FTCA precludes a defamation claim against the government, the court need not address the Title VII preemption issue.

## Recommendation

For the foregoing reasons, the Court respectfully recommends that the Plaintiff's Motion for Amendment be **DENIED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States

---

[4] Defamation is defined as "A false written or oral statement that damages another's reputation." Black's Law Dictionary, 427 (7th ed. 1999). As a result, defamation is implicit in 28 U.S.C.A. §2680(h) by the inclusion of libel and slander.

District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of October, 2009.

_____
STEPHEN T. BROWN
CHIEF U.S. MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Chester A. Pearson, pro se