08-22304.rr1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-22304-CIV-MARTINEZ-BROWN

CHESTER A. PEARSON,

    Plaintiff,

vs.

JAMES B. PEAKE,
Secretary of Veterans Affairs,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**This matter** is before this Court on plaintiff's Motion for Amendment (DE 37), filed November 30, 2009. The court has considered the motion and all pertinent materials.

### Facts and Discussion

Plaintiff, Chester A. Pearson originally filed a Complaint against Defendant, Eric K. Shinseki, Secretary of the Department of Veterans Affairs, alleging discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §2000e. Defendant filed its answer on May 26, 2009. Plaintiff now files a Motion for Amendment in order to amend the amounts being sought and to add 16 additional alleged causes of action.

### I. Standard on Amending a Complaint

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading after a responsive pleading has been filed with the written consent of the opposing party or with the court's leave, which shall be freely given when justice so requires. In recognition of this liberal amendment policy, the Supreme Court stated:

1

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).[1] While discretion to grant or deny an opportunity to amend lies with the District Court, outright refusal to grant leave without justification is not a proper exercise of discretion within the "spirit of the Federal Rules." Id.

### II. Merits

Plaintiff seeks to amend the complaint amend the amount of damages being sought without any justification for same, without any memorandum of law to support same, and without any explanation as to why this was not done long before now. The 16 claims on page 2 of the motion contain no legal authority, no factual allegations, and no basis upon which the Court could consider same...to say nothing of the fact that, again, there is no showing as to why these "claims" were not already alleged.

In addition, plaintiff has failed to comply with Local Rule 7.1.A.3.

In Foman v. Davis, the Supreme Court noted that the futility of an amendment is a proper ground for the court to deny leave to amend. 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999) "[J]ustice does not require district courts to waste their time on hopeless cases..." Mizzaro v. Home Depot, Inc., 544

---

[1] The list of factors in Foman v. Davis is not exclusive, but does "embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

F.3d 1230, 1255 (11th Cir. 2008).

### Recommendation

For the foregoing reasons, the Court respectfully recommends that the Plaintiff's Motion for Amendment be **DENIED**.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of December, 2009.

STEPHEN T. BROWN
CHIEF U.S. MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
Counsel of record
Chester A. Pearson, pro se